

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2010

# Conspirators v. Chandan Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4608

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Conspirators v. Chandan Vora" (2010). *2010 Decisions.* Paper 1789.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1789

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-125                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4608
_____

CONSPIRATORS

v.

CHANDAN S. VORA,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 09-cv-275)
District Judge: Honorable Gustave Diamond
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 19, 2010

Before: BARRY, FISHER and GREENBERG, Circuit Judges

(Opinion filed: March 4, 2010)

_____

OPINION
_____

PER CURIAM

I.

Chandan S. Vora appeals from an order of the United States District Court for the

Western District of Pennsylvania dismissing her "petition for removal" pursuant to 28 U.S.C. § 1915(e)(2)(B). As she has done before, Vora filed a "petition for removal" in the District Court seeking federal court oversight of and protection from "conspirators," including Cambria County police officers and other public officials, who have allegedly issued false citations against her. Vora claims that racial and religious bigotry motivated the charges. The District Court concluded that the "petition for removal" sought to attack state court proceedings over which the District Court lacked jurisdiction. Vora appeals the District Court's dismissal of her petition.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The District Court's order was entered on November 2, 2009. Vora filed her notice of appeal on December 3, 2009, one day beyond the thirty-day period prescribed by Fed. R. App. P. 4(a)(1)(A). The District Court's final order, however, does not appear to satisfy the "separate document" rule of Federal Rule of Civil Procedure 58; thus, the time for filing an appeal did not begin to run with the issuance of that order. See Fed. R. Civ. P. 58; see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223 (3d Cir. 2007). An order is considered a separate document only if it: (1) is self-contained and separate from the opinion; (2) notes the relief granted; and (3) omits (or at least substantially omits) the court's reasons for disposing of the claims. See LeBoon, 503 F.3d at 224. The District Court's order failed to satisfy the first and third criteria.

2

When a judgment is required to be set forth on a separate document, that judgment is not treated as entered until it is set forth on a separate document or until the expiration of 150 days after its entry in the civil docket under Fed. R. Civ. P. 79(a), whichever occurs first. See Fed. R. App. P. 4(a)(7)(A)(ii). Accordingly, entry of judgment and commencement of the thirty-day period for filing a notice of appeal will not occur in this case until April 1, 2010. See LeBoon, 503 F.3d at 223. As such, Vora's notice of appeal is timely and we have jurisdiction over the appeal. Id. at 225.

We exercise plenary review over the District Court's sua sponte dismissal. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because we have granted Vora in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We will dismiss an appeal under § 1915(e) if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing the District Court pleadings and notice of appeal, we conclude as a matter of law that her petition was correctly dismissed. Vora sought removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that certain state court judgments and citations were the result of a conspiracy by certain public officials to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. Id.; see also 28 U.S.C. § 1447(a). Even if we assume, arguendo, that the civil rights removal statute applies to the matters that Vora

3

seeks to remove, her unsupported allegations do not meet the specific criteria for § 1443 removal.  See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968).  Having found no legal merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).